JOHN VAN CLIK, ADMINISTRATOR, ETC., PLAINTIFF, v. HACKENSACK WATER COMPANY AND JOHN McGARRY, DEFENDANTS.

JOHN VAN CLIK, PLAINTIFF, v. HACKENSACK WATER COMPANY, A CORPORATION, AND JOHN McGARRY, DEFENDANTS.

Submitted June 5, 1924—Decided November 24, 1924.

**Negligence—Street Excavation Not Properly Filled In, Leaving Manhole Several Inches Above Grading—Plaintiff's Automobile Struck Manhole, Killing Plaintiff's Wife and Injuring Himself—Evidence to Show Excavation Probable Cause of Accident—Charges of Contributory Negligence Not Sustained, Street Being Open to Travel and No Warning Signals at Manhole—Jury Charge That Plaintiff, Though Having Contributed to Accident, Might Recover for Injury to Wife, Sustained.**

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the plaintiffs, *Ward & McGinnis* (*Peter J. McGinnis,* of counsel).

For the defendant Hackensack Water Company, *Edwards & Smith* (*Edwin F. Smith,* of counsel).

For the defendant John McGarry, *John W. McGeehan, Jr.*

PER CURIAM.

The above cases are before us on defendants' rules to show cause. Both cases arose out of the same accident. They were tried together. The Hackensack Water Company had entered into a contract with one John McGarry, to lay a water main in Anderson avenue, in the borough of Cliffside, in Bergen county. After the main had been laid the work of filling in the excavation was done so as to leave a depression in the street. A manhole in the street was also left without sufficient filling being placed around it to make it level with the surface of the street. On July 12th, 1922, at about one A. M., the plaintiff drove his automobile through Anderson street. The car struck the depression and manhole and was overturned. The plaintiff's wife, who was in the car, was killed. The plaintiff was also injured. Actions were instituted by the plaintiff, Mr. Van Clik, individually, and as administrator *ad prosequendum* of his wife's estate to recover damages for his personal injuries and for damages arising from the death of Mrs. Van Clik. The defenses set up by both defendants were that there was no negligence, and that the plaintiff was guilty of contributory negligence. Each defendant also set up that if there was any negligence it was the negligence of the other defendant. Verdicts were rendered in each suit against both defendants.

The defendants argue as their first point that the trial court should have directed a verdict for the defendants on the ground that there was no negligence of the defendants shown. Motions to this effect were made and overruled. There were in the automobile, besides the plaintiff and his wife, two other persons, Miss Bush and Mr. Kohberg. The plaintiff and these two passengers mentioned testified that, while the car was going at a moderate speed on Anderson avenue, there was a terrific bump, which threw the occupants of the car against the top of the car, rendering some of them unconscious. There was also evidence of a depression in the roadway of approximately five and one-half inches in depth and six feet in width, at the place where the pipe had been laid. This testimony, in our opinion, entitled

the plaintiff to have submitted to the jury the question of the defendants' negligence.

The defendants next contend that there was no evidence establishing the negligence of the defendants as the proximate cause of the accident. There was evidence from which it could be properly inferred that the depression in the street was the proximate cause of the accident. This was a jury question, and was, in our opinion, properly left to the jury for consideration and decision.

The next point argued by the defendants is that the plaintiff should have been nonsuited for his contributory negligence. This argument is based upon the evidence that the car was proceeding at the rate of from fifteen to eighteen miles per hour; that the headlights were lit; that the night was clear; that the car could at the speed mentioned be stopped within a distance of two or three feet, and that Van Clik could have seen the depression in the street if he had been looking, and if he was not looking he was as negligent as if he had been looking, and had not observed the depression. This argument would place too onerous a burden upon the plaintiff. The street was open to travel. There was no warning by light or barrier of any depression in the pavement, and whether or not the plaintiff, under the circumstances, was guilty of contributory negligence, was a question for the jury, as upon the evidence fair-minded men might reasonably differ.

The last point made by the defendants deals with that portion of the charge of the trial judge in which he stated that the contributory negligence of the plaintiff would not operate to defeat his action as the representative of his wife. This portion of the charge was as follows: "If that negligence [i. e., the negligence of defendants] was the proximate cause of the injuries to the plaintiff and the death of his wife, then both defendants are liable to both plaintiffs unless Mr. Van Clik was guilty of contributory negligence, and in that event, of course, he could not recover. His contributory negligence would not operate to defeat his action as representative of his wife."

The plaintiff had been married six weeks at the time of the accident. He was the sole next of kin, and was therefore the only beneficiary under the act. The defendants argue that the plaintiff, by his negligence, having created the cause of action, should not be permitted to reap in such cases the benefit of his own wrongful act. This question has, however, been decided in this state by this court in the case of *Consolidated Traction Co.* v. *Hone,* 59 *N. J. L.* 275, adversely to the contention made by the defendants in this case. We feel bound by this decision, the more cheerfully, perhaps, because we approve the reasoning and language of the eminent jurist who wrote it, the late Chief Justice Beasley.

This completes the consideration of the points briefed by the defendants. The rules to show cause are discharged.